Per Curiam.

It is perfectly manifest, from the case of The State v. Ginns, 1 N. & M. 583, that the slave was not guilty of burglary; and that the respondents erred in convicting him of that offence, and awarding judgment of death: and the question submitted is, whether this error, or mistake of law, manifestly appearing, as it does, upon the face of the proceedings, will authorize the issuing of the writ of prohibition. In general the errors of inferior jurisdictions, on matters of law, are corrected by appeal; but in this case there is no possible mode of correcting the error, palpable, and revolting as it is, and so awful in its consequences to the slave, unless a prohibition is granted. I have looked very fully into the cases, and am satisfied, that the authorities will bear me out in deciding, that although the parties and subject matter be within the jurisdiction of the inferior Court, yet if, as is said by Blackstone, in handling matters clearly within its cognizance, it transgresses the bounds prescribed by law, a prohibition will be awarded. 3 Bl. Com. 112. The instances put by Blackstone are, where the spiritual Court required two witnesses to prove the payment of a legacy, or a release of tithes. Ib. To these may be added, the following : Where an inferior Court misconstrued an act of Parliament. Brymer v. Atkins, 1 H. Bl. 164. Gould v. Gapper, 5 East, 364. Or, where the Court has departed from the known and acknowledged rules of the common law, by admitting against the accused illegal testimony; as was said in Hudnall’s case, 2 N. & M. 424. Or, where, in violation of the rules of law, an inferior Court, after punishing a slave by whipping, tried him a second time, and condemned him to death, for the same offence, as in Ex parte Brown, [ante 323.) In all these cases á prohibition *562 issues : and, indeed; if the injured party in such cases-were with-» Qut remec[y5 “ Would,” as is well remarked by Blackstone, “ be an impropriety, which no wise government can or ought to endure.” 3 Bl. Com. 112. In Gould v. Gapper, Lord Ellen-borough said, “ We cannot feel ourselves warranted in holding, that the grounds of granting prohibitions are so narrow, and limited, as to be confined solely to cases of excess of jurisdiction.” 5 East, 365. On the whole, I am of opinion, that there is sufficient ground for .granting a prohibition, and it is so ordered.
The respondents now moved to rescind the order as contrary to law.
Johnson, J.
We agree entirely in the views expressed- by our brother Evans ; and the motion is therefore dismissed.-
O’Neall, J. and Earle, J. sitting for Harper, J.* concurred.
Motion refused.